**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 96-50234**
**Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**JOSE RICARDO RUIZ,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Western District of Texas**
**(A-94-CV-653-JN)**

_____

October 22, 1996

Before SMITH, DUHÉ, BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Jose Ricardo Ruiz, federal prisoner #12399-080, pleaded guilty to conspiracy to possess with intent to distribute approximately two kilograms of cocaine and 150 pounds of marijuana; his conviction and sentence were affirmed on direct appeal. He now appeals the subsequent denial of his motion to vacate, correct, or set aside his sentence under 28 U.S.C. § 2255, contending that his consent to various searches was coerced and that initially he was

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

denied the right to counsel; that his guilty plea was not knowing and voluntary; that the Government breached the plea agreement by failing to file a motion under § 5K1.1 of the United States Sentencing Guidelines; that his criminal conviction violates the Double Jeopardy Clause because of a prior civil forfeiture proceeding; and that his counsel was ineffective. We find no error. Accordingly, we affirm for essentially the reasons adopted by the district court. ***United States v. Ruiz***, No. A-94-CV-653-JN (W.D. Tex. March 20, 1996).

In his reply brief, Ruiz asserts for the first time that the district court erred in its imposition of excessive supervised release and this also impacted the waiver of his right to appeal in his plea argument. We do not consider issues raised for the first time in a reply brief.

***AFFIRMED***